# UNITED STATES DISTRICT COURT

# SOUTHERN DISTRICT OF GEORGIA

# STATESBORO DIVISION

| | | | |
|---|---|---|---|
| LEONARDO CLEMENTE-BERNABE, | ) | | |
| | ) | | |
| Movant, | ) | | |
| | ) | | |
| v. | ) | Case No. | CV611-106 |
| | ) | | CR610-032 |
| UNITED STATES OF AMERICA, | ) | | |
| | ) | | |
| Respondent. | ) | | |

## **REPORT AND RECOMMENDATION**

Leonardo Clemente-Bernabe, who pled guilty to illegally reentering this country after deportation, moves for 28 U.S.C. § 2255 relief. (Doc. 1.[1]) He claims that his attorney was ineffective at sentencing and on appeal, and that the district court misapplied the United States Sentencing Guidelines. (Doc. 2 at 3-4.) The government, however, contends that Clemente-Bernabe's motion is barred, since he acceded to a limited waiver of his rights to appeal and collaterally attack his conviction and sentence. (Doc. 5 at 4-6.)

---

[1] Unless otherwise noted, citations are to the docket in movant's civil case, CV611-106. "Cr. doc." refers to documents filed under movant's criminal case, CR610-032.

Clemente-Bernabe's plea agreement contains the following provision:

> To the maximum extent permitted by federal law, the Defendant voluntarily and expressly waives the right to appeal the conviction and sentence and the right to collaterally attack the sentence in any post-conviction proceeding, including a § 2255 proceeding, on any ground, except that: the Defendant may file a direct appeal of his sentence if it exceeds the statutory maximum; and the defendant may file a direct appeal of his sentence if, by variance or upward departure, the sentence is higher than the advisory sentencing guideline range as found by the sentencing court. The Defendant understands that this Plea Agreement does not limit the Government's right to appeal, but if the Government appeals the sentence imposed, the Defendant may also file a direct appeal of the sentence.

(Cr. doc. 31 at 6.) Hence, the Court must determine whether the waiver is valid and then determine its effect on Clemente-Bernabe's motion.

"A plea agreement is 'a contract between the Government and a criminal defendant.'" *Thompson v. United States*, 353 F. App'x 234, 235 (11th Cir. 2009) (quoting *United States v. Howle*, 166 F.3d 1166, 1168 (11th Cir. 1999)). Hence,

> it should be given the interpretation that the parties intended. *United States v. Rubbo*, 396 F.3d 1330, 1335 (11th Cir. 2005)). . . . "[T]he defendant's knowledge and understanding of the sentence appeal waiver is one of the components that constitutes the 'core concern' of the defendant's right to be

aware of the direct consequences of his guilty plea." *United States v. Bushert*, 997 F.2d 1343, 1351 (11th Cir. 1993) (internal quotation marks omitted). To demonstrate that a sentence-appeal waiver is sufficiently knowing and voluntary to be enforceable, the government must show that either (1) the district court specifically questioned the defendant concerning the sentence appeal waiver during the colloquy; or (2) it is manifestly clear from the record that the defendant otherwise understood the full significance of the waiver. *Id.*

*Thompson*, 353 F. App'x at 235; *United States v. Ruff*, 2011 WL 205382 at *1 (11th Cir. Jan. 5, 2011). As to § 2255 collateral bars,

> "[a]t a minimum, the would-be petitioner must know at the time of the guilty plea that the right to federal habeas review exists, and he must realize he is giving up that right as part of his plea bargain." *Allen v. Thomas*, 161 F.3d 667, 670 (11th Cir. 1998). When a valid sentence-appeal waiver containing express language waiving the right to attack a sentence collaterally is entered into knowingly and voluntarily, it will be enforceable and serve to prevent a movant from collaterally attacking a sentence on the basis of ineffective assistance of counsel. [*United States v.*] *Williams*, 396 F.3d [1340, 1342 (11th Cir. 2005)].

*Thompson*, 353 F. App'x at 235.

Movant perfunctorily contends that the waiver was not knowingly and voluntarily entered.[2] (Doc. 5 at 1.) The record is against him. The

---

[2] He also claims that the waiver does not bar ineffective assistance of counsel claims relating to sentencing. (Doc. 5 at 1.) He cites *Williams v. United States*, 396 F.3d 1340 (11th Cir. 2005), but that case simply explains that ineffectiveness claims challenging the validity of the plea itself are excepted from collateral appeal waivers.

3

waiver itself explicitly referenced § 2255 proceedings and noted that Clemente-Bernabe would be forever barred from challenging his sentence under that statute. (Cr. doc. 31 at 6.) He signed the plea agreement (*id.* at 11), initialed the paragraph describing the waiver (*id.* at 3), and testified at the hearing that he had read it, reviewed it with counsel, and understood it (cr. doc. 41 at 16-17). His "solemn declarations" before the district judge on that score "carry a strong presumption of verity" and rightly constitute a "formidable barrier" to overcome in these collateral proceedings. *Cross v. United States*, 2009 WL 211418 at * 8 (S.D. Ga. Jan. 27, 2009) (quoting *Blackledge v. Allison*, 431 U.S. 63, 74 (1977)). Moreover, the sentencing judge briefly discussed the appeal and collateral waiver during movant's Rule 11 hearing:

> *Q. (By the Court)* You understand if I accept this plea, Mr. Clemente, you may not go to another court and ask them to review what this Court has done.
>
> *A.* Yes, sir.
>
> *Q.* In other words, you may not say your lawyer did not represent you correctly or that the government has mistreated you, or any of

---

*Id.* at 1342. Clemente-Bernabe raises only sentencing and appellate claims (doc. 1 at 4-6; doc. 2 at 3-4), which are barred by the waiver. *Williams*, 396 F.3d at 1342.

4

the agents mistreated you, or that this Court has dealt unfairly with you.

A. Yes, sir.

(Cr. doc. 41 at 18.[3]) Based upon the totality of the record, the Court is satisfied that Clemente-Bernabe "understood the full significance of the waiver." *Bushert*, 997 F.2d at 1351. Since the waiver is effective, this § 2255 motion fails.

For all of the reasons explained above, Clemente-Bernabe's § 2255 motion should be **DENIED**. Moreover, applying the Certificate of Appealability ("COA") standards, which are set forth in *Brown v. United States*, 2009 WL 307872 at * 1-2 (S.D. Ga. Feb. 9, 2009) (unpublished), the Court discerns no COA-worthy issues at this stage of the litigation, so no COA should issue. 28 U.S.C. § 2253(c)(1); *see Alexander v. Johnson*, 211 F.3d 895, 898 (5th Cir. 2000) (approving sua sponte denial of COA before

---

[3] While the district judge did not explicitly reference the collateral appeal waiver during the Rule 11 proceedings and his explanation of its effect was somewhat truncated, it is manifestly clear from the record that Clemente-Bernabe was aware of his right to collaterally attack the sentence and realized that he was giving up that right by entering his plea. *Thompson*, 353 F. App'x at 235 (the petitioner must know of his right to federal habeas review and realize that he is giving up that right); *see id.* (a waiver is sufficiently knowing and voluntary to be enforceable where the district judge specifically questioned the defendant about it on the record *or* where it is manifestly clear from the record that the defendant understood the full significance of the waiver).

movant filed a notice of appeal). And, as there are no non-frivolous issues to raise on appeal, an appeal would not be taken in good faith. Thus, in forma pauperis status on appeal should likewise be **DENIED**. 28 U.S.C. § 1915(a)(3).

**SO REPORTED AND RECOMMENDED** this <u>5th</u> day of December, 2011.

/s/ G.R. Smith<br>
UNITED STATES MAGISTRATE JUDGE<br>
SOUTHERN DISTRICT OF GEORGIA